UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Miles R Morgan, | 2:24-cv-01546-RFB-MDC |
| Plaintiff(s), | |
| vs. | ORDER DENYING IFP APPLICATION |
| National Park Service, *et al*., | |
| Defendant(s). | |

Pending before the Court is *pro se* plaintiff's *Motion/Application for Leave to Proceed In Forma Pauperis* ("IFP") (ECF No. 5). For the reasons stated below, the Court DENIES the IFP application but does so without prejudice.

**DISCUSSION**

I.  LEGAL STANDARD

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed

in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

II.     ANALYSIS

The Court previously denied plaintiff's IFP application (ECF No. 1) because it was unable to determine whether qualifies to proceed *in forma pauperis*. ECF No. 4. A calculation of plaintiff's income and expenses showed that he may be able to pay the filing fee and still provide the necessities of

life for himself and his defendants. *Id.* Plaintiff identified a financial obligation for car insurance but did not identify any car[1]. *Id.* Furthermore, a public records search showed that plaintiff may own a two-wheel vehicle that he failed to disclose. *Id.* The Court ordered plaintiff to either pay the filing fee or submit a long-form IFP application addressing the Court's concerns. *Id.* While plaintiff filed a new IFP application (ECF No. 5), the new IFP application not only failed to address the Court's concerns (ECF No. 4), but it is also inconsistent with the initial IFP application.

Plaintiff previously reported that his monthly expenses totaled $2,391[2]. ECF No. 1 at 2. Plaintiff now reports his monthly expenses are $3,381. ECF No. 5 at 6. Plaintiff maintains that he spends $230 a month on car insurance; however, plaintiff still does not disclose a motor vehicle. ECF No. 5 at 3-5. Furthermore, plaintiff failed to disclose his travel trailer which he previously disclosed in his initial IFP application. *See* ECF Nos. 1, 5. Plaintiff also did not address the Court's concerns regarding the possible presence of another vehicle in the plaintiff's possession. Furthermore, plaintiff reports that he spends $100 a month on home maintenance; however, plaintiff does not identify a home, mortgage, or rent. ECF No. 5 at 3-5. Thus, although plaintiff filed a long-form IFP application, he failed to address the Court's concerns and did not explain the inconsistencies within and between his IFP applications. Therefore, the Court DENIES the IFP application, however, it does so without prejudice.

Plaintiff may file a new, long-form IFP application that addresses the Court's concerns. Plaintiff should address (1) whether plaintiff's car insurance payments go towards a vehicle other than his travel trailer; (2) whether plaintiff possess a two-wheel vehicle, as found through a public records search; (3) the discrepancy between maintenance expenses but failing to report a home, mortgage, or rent; and (4) the sudden increase in monthly expenses. If there are any other changes in plaintiff's circumstances that

---

[1] Plaintiff did identify that he owns a travel trailer, but it is unclear whether the car insurance payments go towards the travel trailer or another vehicle. *See* ECF No. 1.
[2] This number was based on a calculation of plaintiff's reported monthly expenses: car insurance $230, phone $130, storage $231, and food $1800.

would show an inconsistency from plaintiff's previous IFP applications, plaintiff should also address those changes.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The IFP application (ECF No. 5) is DENIED WITHOUT PREJUDICE.

2. Plaintiff must either file a new, long-form IFP application addressing the Court's concerns or pay the full filing fee for filing a civil action by **November 7, 2024**.

3. Failure to timely comply with this Order may result in a recommendation that this case be dismissed.

DATED this 7th day of October 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

# NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.